CHRIS ROSFJORD, WSBA #37668
ROSFJORD LAW, PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849
Email: rosfjordlaw@gmail.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSH THOMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BARCLAYS BANK DELAWARE,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**[JURY DEMAND]** |

Plaintiff JOSH THOMAS, by and through his attorney, Chris Rosfjord of Rosfjord Law, PLLC, brings this Class Action Complaint, on behalf of himself and all others similarly situated, alleges as follows:

## I. INTRODUCTION

On March 27, 2020, President Donald Trump signed the CARES Act into law. While the CARES Act does not explicitly prohibit banks, lenders, credit card companies, service providers, etc. from charging fees and interest during the federally declared COVID-19 state of emergency, lawmakers specifically encouraged those companies to refrain from imposing fees and interest and to work with debtors. Although many companies have offered customers accommodations during COVID-19 crisis, such as forbearance agreements, those companies are still charging late fees and interest and

Class Action Complaint
*(Thomas v. Barclays Bank Delaware)*
Page 1 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

aggressively pursuing collection of past due accounts the moment any deferral periods have expired.

Rather than working with the customers who have paid them billions, even trillions, in fees and interest during the course of their relationship, during one of the most trying economic crises of our lifetime, lenders are turning their backs on the people without whom they would have no business.

## II.  NATURE OF THE ACTION

1. This is an action for an actual, statutory, and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §§ 1681, *et seq*. (the "Fair Credit Reporting Act" or "FCRA") against Defendant Barclays Bank Delaware ("Defendant" or "Barclays").

## III.  PARTIES

2. Plaintiff JOSH THOMAS ("Plaintiff") is a single individual residing in Port Ochard, Kitsap County, Washington and, at all times relevant, is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

3. Upon information and belief, Defendant BARCLAYS BANK DELAWARE is a Delaware corporation doing business within this district and with multiple business locations within this District. Defendant Barclays furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2(b).

## IV.  JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as well as 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the amount of damages exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some of the Class Members are citizens of states different than Defendant Barclays.

5. This Court has personal jurisdiction over Defendant Barclays because Defendant Barclays is doing business in this District, has multiple business locations in

Class Action Complaint
(Thomas v. Barclays Bank Delaware)
Page 2 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

this District, and purposefully directed its actions complained of herein towards this forum which have caused and are causing injury to Plaintiff Thomas.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## V. FACTUAL ALLEGATIONS

7.    Plaintiff Thomas is an independent contractor who provides computer programming services and resides in Port Orchard, Kitsap County, Washington.

8.    In or about 2014, Plaintiff Thomas acquired a credit card through Defendant Barclays (Barclays account number XXXX XXXX XXXX 7729).

9.    Upon information and belief, in or about March 2020, due to the state of emergency declared by the federal government as a result of COVID-19, Defendant Barclays began offering its customers the option of deferring their monthly credit card payments owed to Defendant Barclays.

10.    In May 2020, Plaintiff Thomas enrolled in Defendant Barclays' COVID-19 emergency-related payment deferral program, wherby he and Defendant Barclay's agreed that his monthly credit card payments to Defendant Barclays, including past due amounts, were deferred for three months.

11.    On or about August 23, 2020, Plaintiff Thomas learned that Defendant Barclays had erroneously reported to the consumer reporting agencies ("CRAs") that Plaintiff Thomas was 30 days late on his July 2020 payment to Defendant Barclays, even though Plaintiff Thomas was still in his deferral period and no payment was currently due.

12.    Prior to reporting negative information to the CRAs, Defendant Barclays did not notify Plaintiff Thomas that his deferral period had ended or that Plaintiff Thomas had a payment due to Defendant Barclays. Defendant Barclays could not have done so because Plaintiff Thomas' deferral period had not expired and no payment was

Class Action Complaint
*(Thomas v. Barclays Bank Delaware)*
Page 3 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

currently due.

13. Defendant Barclays failed to properly notify Plaintiff Thomas that it had reported to the credit reporting agencies - erroneously - that Plaintiff Thomas was 30 days late on his July 2020 payment.

14. Plaintiff Thomas subsequently disputed the delinquent designation with the consumer reporting agencies and attempted to have the negative marks removed, but the erroneous negative marks have not been removed.

15. Plaintiff Thomas also attempted to directly dispute the reported information with Defendant Barclays, but without any success.

16. Due to the erroneous negative credit reporting by Defendant Barclays, Plaintiff Thomas' credit score dropped several points.

## VI.  CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of a class preliminarily defined as:

> All individuals residing in the United States who, during the applicable statute of limitations, enrolled in Defendant Barclays COVID-19 payment deferral program and whose Barclays accounts were erroneously reported as late to the consumer reporting agencies, even though the account payments for the reported months were in deferral (the "Class").

Excluded from the Class are Defendant; any agent, affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer or director of Defendant; any successor or assign of Defendant; and any Judge to whom this case is assigned as well as his or her staff and immediate family.

18. These classes are collectively referred to herein as the "Class." Plaintiff reserves the right to amend these class definitions.

19. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party under Rule 23.

20. **Numerosity.** The proposed Class reportedly consists of hundreds, if not

Class Action Complaint
(Thomas v. Barclays Bank Delaware)
Page 4 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

thousands, of members – far too many to join in a single action – and, therefore, satisfies the numerosity requirement.

21. **Ascertainability.** Class members are readily identifiable from information in Defendant's possession, custody, or control.

22. **Typicality.** Plaintiff's claims are typical of Class members' claims as each arises from Defendant Barclays' wrongful actions in the course of attempting to collect a debt.

23. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the proposed Class. His interests do not conflict with Class members' interests and he has retained experienced counsel to vigorously prosecute this action on behalf of the Class.

24. **Commonality.** Plaintiff's and Class members' claims raise predominantly common factual and legal questions that can be answered for all Class members through a single class-wide proceeding. For example, to resolve any Class member's claims, it will be necessary to answer the following questions. The answer to each of these questions will necessarily be the same for each class member.

    A.    Whether the Class members had enrolled in Defendant Barclays' COVID-19 payment deferral program for their Barclays account(s);

    B.    Whether Defendant Barclays erroneously reported the Class members' accounts as past due to the consumer reporting agencies, even though the Class members' Barclays accounts were in deferral;

    C.    Whether Defendant Barclays' conduct resulted in defamation of Class members;

    D.    Whether Defendant Barclays' conduct violated the Fair Credit Reporting Act;

Class Action Complaint
*(Thomas v. Barclays Bank Delaware)*
Page 5 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

      F.      Whether Defendant Barclays breached its deferral agreements with the Class members; and

      G.      Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

25. In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b). Common questions of law andfact predominate over any questions affecting only individual members and a class action is superior to individual litigation.

## VII. CAUSES OF ACTION

### A. FIRST CLAIM FOR RELIEF – DEFAMATION

#### (Plaintiff Thomas and All Class Members)

26. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 25 above.

27. Defendant Barclays willfully and maliciously made inaccurate negative statements to credit reporting agencies regarding Plaintiff Thomas' and the Class members' credit accounts with Barclays, in particular, that the credit accounts were delinquent, even though the accounts were in deferral.

28. The statements Defendant Barclays made about Plaintiff Thomas' and the respective Class members' credit accounts being delinquent are false and defamatory.

29. The false and defamatory statements Defendant Barclays made about Plaintiff Thomas and respective Class members are defamatory *per se* because they have deprived Plaintiff Thomas and respective Class members of the benefit of public confidence and social intercourse, namely lowered credit scores, and have injured them in their occupations.

30. The false and defamatory statements Defendant Barclays made about Plaintiff Thomas and respective Class members are not and were not privileged.

Class Action Complaint
*(Thomas v. Barclays Bank Delaware)*
Page 6 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

31. As a direct and proximate result of Defendant Barclays' defamatory statements, Plaintiff Thomas and the Class members have suffered damages, including, but not limited to, emotional distress, humiliation, damage to their credit and reputation, and lost business opportunities, in an amount to be proven at trial.

**B.   SECOND CLAIM FOR RELIEF – WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681n and 15 U.S.C. § 1681o**

(Plaintiff Thomas and All Class Members)

32. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 31 above.

33. In violation of 15 U.S.C. § 1681s-2, Defendant Barclays knowingly and willfully inaccurately reported to the credit reporting agencies that Plaintiff Thomas' credit card account maintained with Defendant Barclays was 30 days delinquent.

34. In violation of 15 U.S.C. § 1681s-2, Defendant Barclays failed to promptly notify Plaintiff Thomas that Defendant Barclays was reporting Plaintiff Thomas' Barclays credit card account as delinquent.

35. In violation of 15 U.S.C. § 1681s-2, Defendant Barclays failed to promptly notify the consumer reporting agencies that Defendant Barclays was inaccurately reporting Plaintiff Thomas credit card account as delinquent.

36. Upon information and belief, in violation of 15 U.S.C. § 1681s-2, Defendant Barclays committed the same transgression set forth in Paragraphs 33 to 35 with respect to each of the Class members

37. Plaintiff Thomas and the Class members have been damaged by Defendant Barclays' willful and inaccurate reporting of his Barclays credit card account to the consumer reporting agencies.

38. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), Plaintiff Thomas and the Class members are entitled to their actual damages of at least $100.00 and up to $1000.00

Class Action Complaint
(Thomas v. Barclays Bank Delaware)
Page 7 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

for each of Defendant Barclays' willful violations of its duties under 15 U.S.C. § 1681s-2 to be proven at trial.

39. Pursuant to 15 U.S.C. § 1681n(a)(2), Plaintiff Thomas and the Class members are entitled to punitive damages for each of Defendant Barclays' willful violations of its duties under 15 U.S.C. § 1681s-2 to be proven at trial.

40. Pursuant to 15 U.S.C. § 1681n(a)(3), Plaintiff Thomas and the Class members are entitled to their reasonable costs and attorney fees.

41. Pursuant to 15 U.S.C. § 1681o(a)(1), Plaintiff Thomas and the Class members are entitled to their actual damages incurred as a result of Defendant Barclays' negligent violations of its duties under 15 U.S.C. § 1681s-2 to be proven at trial.

42. Pursuant to 15 U.S.C. § 1681o(a)(2), Plaintiff Thomas and the Class members are entitled to their reasonable costs and attorney fees.

C. **THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING**

(Plaintiff and All Class Members)

43. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 42 above.

44. Plaintiff and each Class Member entered into a valid contract with Defendant Barclays for the provision of credit card services to Plaintiff and the Class members, as outlined in Defendant Barclays' account agreement and other related account documents.

45. Between March 2020 and the present, Plaintiff and each Class Member further entered into one or more valid contracts with Defendant Barclays for the deferral of payments on Plaintiff and each Class Member's respective Barclays credit card account(s).

Class Action Complaint
*(Thomas v. Barclays Bank Delaware)*
Page 8 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

46. Each contract entered into between Plaintiff and the Class members and Defendant Barclays for the provision of credit card services and for payment deferrals are substantively identical because Defendant Barclays uses its own form account agreements.

47. Defendant Barclays has materially breached each of its contracts with Plaintiff and the Class members as set forth throughout this Class Action Complaint, including willfuly and inaccurately reporting their Barclays accounts as delinquent while the accounts are still in deferral and when payments are not even due yet.

48. Defendant Barclays owed Plaintiff and all Class members a duty of good faith and fair dealing in the execution of and its performance of duties imposed by each of its contracts with the Plaintiff and the Class members.

49. Defendant Barclays breached its duty of good faith and fair dealing by, among other things, allowing Barclays customers to defer payments during nationally declared state of emergency and then willfully and inaccurately reporting Barclays customer accounts as delinquent while the accounts are still in deferral and when payments are not even due yet.

50. As a result of Defendant Barclays' material breaches of its contracts with Plaintiff and the Class members and its breaches of the covenant of good faith and fair dealing, Plaintiff and the Class members have suffered damages in amount to be proven at trial.

## VIII.  JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Josh Thomas respectfully requests a trial by jury on all issues properly triable by jury.

## IX.  PRAYER FOR RELIEF

Plaintiff Thomas, on behalf of himself and the proposed Class, seeks the

Class Action Complaint
*(Thomas v. Barclays Bank Delaware)*
Page 9 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

following relief:

1. An order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent the Class;

2. An award of damages in an amount to be proven at trial;

3. An award of punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

4. An award of reasonable attorney fees and other costs incurred out of the necessity of having to bring this litigation;

5. An award of pre-judgment and post-judgment interest;

6. Leave to amend this Complaint to conform to the evidence;

7. Such other and further relief as this Court may deem just and equitable.

DATED this 21st day of September, 2020,

ROSFJORD LAW PLLC

_____
Chris Rosfjord, WSBA #37668
Attorney for Plaintiff

Class Action Complaint
(Thomas v. Barclays Bank Delaware)
Page 10 of 10

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849